STATE *vs.* ROBERT S. DONALDSON.

York.    Opinion November 9, 1891.

*Indictment.   Labor Commissioner.   Interference.   Stat. 1887, c. 139.*

The refusal and neglect of the employer of labor in a manufacturing or mechanical establishment to produce certificates of the ages and places of birth of children under sixteen years of age, employed, in such establishment, for the inspection of the deputy commissioner of labor, is not an interference with his duties within the meaning of c. 139, laws of 1887.

The term "interfere" as therein used relates to some action directed to the person, or some active personal obstruction or interference in the performance of his duties, and not mere non-action.

ON EXCEPTIONS.

The defendant's demurrer to the following indictment having

been overruled by the court, with permission to plead anew, if the indictment should be sustained, he excepted to the ruling.

"The jurors for said state upon their oath present that Robert S. Donaldson, of Biddeford, in the said county, laborer, on the seventeenth day of October, in the year of our Lord one thousand eight hundred and ninety, at Biddeford, in said county of York, being then and there an overseer of a manufacturing establishment, to wit : The Pepperell Manufacturing Company, a corporation duly created by the laws of the State of Maine, and having its established place of business at Biddeford in said County of York, did knowingly, willfully and unlawfully interfere with one Leonard R. Campbell of Rockland, in the county of Knox in said State of Maine, the said Leonard R. Campbell being then and there a deputy commissioner of labor for the State of Maine, and as such duly appointed by the Governor of said State of Maine, by and with the advice and consent of the Council of said State of Maine, and duly qualified to discharge and perform the duties of said office, in the performance of his duties as a deputy commissioner of labor as aforesaid, in that the said Robert S. Donaldson then and there as said overseer having in his possession and on file certain certificates of the ages and places of birth of certain children under sixteen years of age, and of the amount of their school attendance during the year next preceding their employment in the cases of children under fifteen years of age, then and there employed by the said Pepperell Manufacturing Company under said Robert S. Donaldson as overseer aforesaid, then and there being required and requested by said Leonard R. Campbell in his said capacity as a deputy commissioner of labor of the State of Maine as aforesaid, to produce for his, said Campbell's, inspection said certificates, utterly refused and neglected so to do, the said Leonard· R. Campbell in his said capacity as a deputy commissioner of labor, for the State of Maine as aforesaid having at a reasonable time entered the said manufacturing establishment, to wit : The establishment of the Pepperell Manufacturing Company, for the purpose of making an inspection of said certificates as aforesaid ; against the peace of said State, and contrary to the form of the statute in such case made and provided."

*W. P. Perkins*, County Attorney, for the State.

The utter refusal and neglect of the defendant, the only person having under the statute charge of the certificates, to produce them to the deputy commissioner required by law to furnish the information prescribed by the act,— it being also the duty of the commissioner to inquire into violations of the act,— was an interference with his duties. Upon collateral questions not considered by the court, counsel cited : *State* v. *Mace*, 76 Maine, 64 ; *State* v. *Hurley*, 71 *Id.* 354 ; *State* v. *Willis*, 78 *Id.* 74 ; *State* v. *Ames*, 64 *Id.* 386 ; *State* v. *Robbins*, 66 *Id.* 324 ; *State* v. *Godfrey*, 24 *Id.* 232 ; *State* v. *Gurney*, 37 *Id.* 149.

*R. P. Tapley*, for defendant.

FOSTER, J. To this indictment a general demurrer was filed and joined. Thereupon judgment was rendered overruling the demurrer, and to this ruling exceptions were taken.

The indictment is founded upon the provisions of chapter 139, laws of 1887, entitled "An act to regulate the hours of labor and the employment of women and children in manufacturing and mechanical establishments." The act, in addition to other provisions, contains the following : " Whoever interferes with said deputy commissioner or his assistants in the performance of their duties as prescribed in this act, shall be fined fifty dollars." Upon this clause and the facts set out in the indictment, it is claimed on the part of the state that the indictment is to be sustained.

The allegations are, substantially, that the defendant was an overseer of a manufacturing establishment, situate in Biddeford in the county of York, and as such had the possession of certain certificates, and being called upon by the deputy commissioner to produce them for inspection, refused and neglected so to do, and thus did knowingly, wilfully and unlawfully interfere with said deputy in the performance of his duties.

If we assume that the facts are properly alleged, yet we have no doubt they are insufficient to sustain the indictment. The refusal and neglect to produce certain certificates is not an interference within the meaning of the statute. The term "interfere,"

as therein used, relates to some action directed to the person, in the performance of his duties. It imports action and not mere non-action. Neglect to perform some act is mere non-action — a passive rather than an active condition. It partakes more of the nature of nonfeasance than misfeasance. *The Six Carpenters' Case*, 8 Coke, 146; *Hinks* v. *Hinks*, 46 Maine, 423, 428. The statute evidently contemplates some active personal obstruction, or interference, such as expulsion or exclusion of the officer or his assistants from the establishment, and acts of a kindred nature, thereby preventing them from the performance of their duties.

*Exceptions sustained. Indictment adjudged bad.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.